# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

**JAMES ANDREW LOHNES,**

     **Petitioner,**

       **v.**                         **No. 2:19 CV 486**

**OSCAR MARTINEZ, JR.,** *et al.,*

     **Respondents.**

## OPINION and ORDER

James Andrew Lohnes, a pre-trial detainee in the Lake County Jail, filed a habeas corpus petition without a lawyer pursuant to 28 U.S.C. § 2241. While § 2241 is "[t]he appropriate vehicle for a state pre-trial detainee to challenge his detention . . .," *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015), Lohnes is not challenging his detention. The only relief he seeks is to be provided larger envelopes for his legal mail. Such relief is not available in a habeas corpus case.

> State prisoners who want to challenge . . . the fact or duration of custody [must seek habeas corpus relief]. State prisoners who want to raise a constitutional challenge to any other decision . . . must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all . . ..

*Moran v. Sondalle*, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted).

Because Lohnes is in custody pursuant to a State court proceeding, he may not appeal without a certificate of appealability. *See Evans v. Circuit Court of Cook Cty.*, 569 F.3d 665, 666 (7th Cir. 2009). To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists

would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging the petitioner to proceed further. Thus, a certificate of appealability must be denied. "[B]ecause the standard governing the issuance of a certificate of appealability is [more demanding than] the standard for determining whether an appeal is in good faith," *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000), he also may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the habeas corpus petition;

(2) **DENIES** James Andrew Lohnes a certificate of appealability;

(3) **DENIES** James Andrew Lohnes leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: August 27, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT